# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STUART D. SHREWSBURY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0330** (BOR Appeal No. 2047677)
(Claim No. 2003028410)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**INDEPENDENCE COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stuart D. Shrewsbury, by John H. Shumate Jr, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 5, 2013, in which the Board affirmed an August 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 21, 2011, decision granting an additional 5% permanent partial disability award. The Office of Judges granted an additional 15% award for a total of 40% permanent partial disability. The Office of Judges also affirmed the claims administrator's December 5, 2011, decision to deny Mr. Shrewsbury's application for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shrewsbury was a worker for Independence Coal Company, Inc., on November 18, 2002, when his feet were crushed by a falling rock in the mines. Mr. Shrewsbury was originally awarded 25% disability on March 15, 2005, based solely upon the orthopedic component of his injury. Mr. Shrewsbury was then examined by Prasadarao B. Mukkamala, M.D., who recommended a 30% whole person impairment rating. The claims administrator took Dr. Mukkamala's recommendation and increased Mr. Shrewsbury's award from 25% to 30%, for the orthopedic component of his injury. Mr. Shrewsbury appealed.

In regard to the orthopedic component of the injury, the Office of Judges considered three different doctors' reports. Yogesh Chand, M.D., recommended 72% impairment. Dr. Mukkamala recommended 30% impairment. Finally, Joseph S. Snead, M.D., recommended 30% impairment. The Office of Judge noted that Dr. Chand used Table 36 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), to find 40% impairment in the left leg. Dr. Chand used Table 36 of the American Medical Association's *Guides* again to find 40% impairment for the right leg. Dr. Chand also found 6% impairment based upon vascular disease and 4% impairment due to peripheral nerve deficits. Dr. Mukkamala was critical of Dr. Chand's report because Table 36 of the American Medical Association's *Guides* is supposed to provide a singular impairment rating for all lower extremity impairment. Dr. Mukkamala also opined that if one were to use Table 36 of American Medical Association's *Guides* then no other impairment, such as vascular disease and peripheral nerve deficits, can be added to it. The Office of Judges then took Dr. Chand's evaluation and modified it to fit Dr. Mukkamala's criticisms. As a result, the Office of Judges accepted Dr. Chand's placement of Mr. Shrewsbury into Subcategory g of Table 36 of the American Medical Association's *Guides* and granted him a 40% permanent partial disability award.

In regard to its grant of a 40% permanent partial disability award related to Mr. Shrewsbury's crushing injury, we agree with the findings of the Office of Judges and conclusions of the Board of Review. The Office of Judges did an adequate job of applying the American Medical Association's *Guides* to Mr. Shrewsbury's injury

Mr. Shrewsbury filed his application for permanent total disability benefits on September 28, 2011. Mr. Shrewsbury was awarded his initial 25% permanent partial disability on March 15, 2005. The claims administrator denied Mr. Shrewsbury's application for permanent total disability benefits because he failed to meet the aggregate 50% permanent partial disability threshold and because he did not timely file his application. The Office of Judges affirmed for the same reasons. The Board of Review adopted the finding of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-16(a)(2) (2005), one must file for permanent total disability benefits within five years of the date of the initial award. Since Mr. Shrewsbury

did not file his application within the statutory time limits, the Office of Judges was not in error to reject his claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified